# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 28, 2017

* * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ANGELA WRIGHT, on behalf of the Estate of KATILYN WRIGHT, | * * |
| Petitioner, | * No. 15-851V * Special Master Sanders * |
| v. | * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * Dismissal; Insufficient Proof; * Human Papillomavirus ("HPV") Vaccine; * Autoimmune Encephalitis; Seizure * Disorder; Death |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.
Debra A. Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On August 10, 2015, Katilyn Wright ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered from premature ovarian failure/insufficiency and autoimmune encephalitis as a result of a human papillomavirus ("HPV") vaccination received on July 28, 2011. Pet. At 2-3, ECF No. 1. Petitioner died on January 12, 2016, and Angela Wright, Executrix of the Estate of Katilyn Wright, was substituted as Petitioner. Order, ECF No. 27. On May 10, 2016, Petitioner filed an amended petition, wherein she alleged that Katilyn Wright suffered from autoimmune encephalitis and seizure disorder as a result of the HPV vaccination

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

received on July 28, 2011, and that Katilyn Wright's death was caused by that autoimmune encephalitis and/or seizure disorder. The information in the record, however, does not show entitlement to an award under the Program.

On December 27, 2017, Petitioner moved for a decision dismissing the petition. Pet'r's Mot. to Dismiss, ECF No. 83. In the motion, Petitioner conceded that "she will be unable to prove that petitioner is entitled to compensation in the Vaccine Injury Compensation Program." *Id.* at 1. Petitioner filed this motion without opposition from Respondent. *Id.* at 2.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that her alleged injury or death was caused by the HPV vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

    **IT IS SO ORDERED.**

                              s/Herbrina D. Sanders
                              Herbrina D. Sanders
                              Special Master